UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| PETER ANDREWS,<br>DREAMBUILDER HOLDINGS, LLC,<br>DREAMBUILDER INVESTMENTS, LLC,<br>LIBERTY HOLDINGS NYC, LLC,<br>ARETE PORTFOLIO MANAGEMENT, LLC<br>*And*<br><br>PETER ANDREWS *on behalf of*<br>DREAMBUILDER HOLDINGS, LLC,<br>DREAMBUILDER INVESTMENTS, LLC,<br>LIBERTY HOLDINGS NYC, LLC,<br>ARETE PORTFOLIO MANAGEMENT, LLC,<br><br>            *Petitioners*,<br><br>V.<br><br>GREGORY PALMER,<br>            *Respondent*. | CIVIL ACTION NO.: _____ |

**PETITIONERS' MOTION FOR CONTEMPT AND COMPLIANCE FOR NON-PARTY DEPONENT'S FAILURE TO OBEY RULE 45 SUBPOENA DULY SERVED AND <u>FAILURE TO APPEAR FOR DEPOSITION</u>**

Petitioners, Peter Andrews, individually and on behalf of, the LLC petitioners named herein (collectively, "Petitioners"), move for contempt and compliance against non-party deponent Gregory Palmer[1] who, despite proper service under FED. RULE CIV. P. 45, has refused to attend his deposition in violation of law. Petitioners have separately filed a memorandum in support of this petition, and state:

---

[1] Resident of the Commonwealth of Massachusetts.

1. Petitioners commenced a civil action in the United States District Court for the Southern District of New York seeking declaratory and injunctive relief, *Andrews et al. v. Verner*, 1:19-cv-08451 (the "Federal Action").

2. By Order to Show Cause dated January 29, 2020, Petitioners in the Federal Action sought preliminary injunctive relief as set forth in the operative Complaint.

3. By sworn declaration dated February 10, 2020, Respondent Palmer requested that the injunctive relief sought by Petitioners/Plaintiffs be denied and that Mr. Verner's cross-motion to dismiss be granted. A true and correct copy of Respondent's declaration as filed in the Federal Action is annexed as **Exhibit A**.

4. By email dated February 12, 2020, Defendant Verner unequivocally represented, "Going forward, I am representing Palmer at the subpoena and his deposition. Please direct all communications to me." A true and correct copy is annexed as **Exhibit B**.

5. A subpoena issued on February 24, 2020, for the deposition of Respondent Palmer, a copy of which was simultaneously delivered by email to Defendant Verner. A true and correct copy is annexed as **Exhibit C**.

6. By e-mail dated February 26, 2020, Defendant Verner was informed that Mr. Palmer was duly served by hand, requesting Mr. Verner's consent to a 30-day extension "as an appropriate accommodation to a non-party." Mr. Verner, as counsel to Mr. Palmer, consented. As set forth in the motion for extension, Petitioners/Plaintiffs moved for an extension of the discovery deadline to April 1, 2020, "for the sole purpose of allowing the deposition of non-party Gregory Palmer to take place." A true and correct copy of the February 26, 2020 email exchange is annexed as **Exhibit D**; a true and correct copy of the motion as granted by the court in the Federal Action is annexed as **Exhibit E**; a true

and correct copy of the subpoena with affidavit of service is annexed as **Exhibit F**, which was thereafter corrected to reflect that the witness fees were pre-paid earlier.  **Exhibit G.**

7. By email dated March 2, 2020, counsel for petitioners communicated a request that Defendant Verner "provide several dates and your client's preferred locations in Massachusetts or the SDNY . . . according to the new scheduling order in the federal action. If your client can only manage a deposition on a weekend date, include that information so we can be as accommodative as possible within the current parameters of the Judge's Scheduling Order." A response by March 3, 2020, was requested.  A true and correct copy is annexed as **Exhibit H**.

8. Receiving no response from Mr. Verner, counsel for Petitioners requested by email dated March 3, 2020, a meet and confer on the issue. A true and correct copy is annexed as **Exhibit I**.

9. Again receiving no response, by email dated March 4, 2020, counsel for Petitioners communicated that attempts to reach Mr. Verner at his office by phone were unsuccessful, and voicemail was left, by voicemail and email, giving undersigned counsel's cell phone as "we are required to speak by phone to satisfy the meet and confer." A true and correct copy is annexed as **Exhibit J**.

10. By email dated March 6, 2020, Mr. Verner responded:  "I am prepared to schedule some tentative dates with you about a deposition of Palmer in the federal case with the assumption that they will not be permanent. . ." In a convenient, though clearly unacceptable reversal, Mr. Verner stated, Mr. Palmer "is simply deemed by me to be a non-party witness whom I do not represent. A true and correct copy is annexed as **Exhibit K**.

11. In response, with respect to Mr. Verner only as counsel and party in the New York Federal Action, Petitioners/Plaintiffs filed a motion on March 12, 2020, for an order of compliance to depose non-party deponent Palmer and for costs and fees caused by counsel's tactics evading the deadlines in the Federal Action. [ECF Docket No. 81 in SDNY 1:19-cv-08451]. *See* Mem. in Support at Fn.1 for current status.

12. Regarding Mr. Palmer, a citizen of the Commonwealth of Massachusetts, Plaintiffs agreed on March 16, 2020, to the proposal set forth by Mr. Verner to depose Mr. Palmer by remote and virtual means (Mr. Palmer was copied on the email). A true and correct copy is annexed as **Exhibit L**.

13. On March 17, 2020 undersigned counsel served Mr. Palmer and Mr. Verner with a Notice of Deposition (via-email, electronic service deemed acceptable in light of the Covid-19 pandemic as set forth by Standing Order M10-468) along with the operative subpoena for conducting Mr. Palmer's deposition by remote means on March 25, 2020. The e-mail specifically stated:

    Mr. Palmer,

    Please see the attached notice for your deposition, which will occur remotely on Wednesday, March 25, 2020. Details are set out in the notice. Please contact me either directly at the direct dial below, or through Mr. Verner.

    A true and correct copy is annexed as **Exhibit M**.

14. The virtual reporting service (Veritext) send out confirmations by e-mail the same day. A true and correct copy is annexed as **Exhibit N**.

4

15. On March 19, 2020, Mr. Verner emailed, "I have just declined the Veritext invitation for Mr. Palmer's deposition on March 25th." A true and correct copy is annexed as **Exhibit O**.

16. Not hearing from Mr. Palmer to confirm attendance (or rescheduling, as necessary), the Virtual deposition was cancelled. A true and correct copy is annexed as **Exhibit P**.

17. Despite good by-hand service of a subpoena on February 26, 2020, non-party deponent **Gregory Palmer** – either himself or through counsel – has neither moved to quash or modify the subpoena under FED. R. CIV. P. 45(D)(3), nor sought a protective order as permitted under FED. R. CIV. P. 26(c)(1).

18. Petitioners have abided by the direction in FED. R. CIV. P. 45(d)(1), taking all reasonable steps and rendering professional accommodations. Respondent Gregory Palmer is, accordingly, in no position to claim undue burden.

19. Under Local Rule 7.1(a)(2), Petitioner's counsel in the New York Federal Action has conferred with Mr. Verner (adverse party and counsel in the New York Federal Action) who has indicated he does not consent to the relief requested. As Mr. Verner now claims he does not represent non-party deponent **Gregory Palmer** regarding the subpoena or his deposition, it is unclear that Mr. Verner even has grounds to object. All attempts to confer with Respondent have been ignored.

WHEREFORE, Petitioners request that an order of contempt issue as to Respondent, further ordering Respondent to comply with the subpoena, with an appropriate award for costs, sanctions, and reasonable attorneys' fees, along with such other and further relief deemed just and proper by the Court.

        Respectfully submitted,

        PETITONERS
        PETER ANDREWS,
        DREAMBUILDER HOLDINGS, LLC,
        DREAMBUILDER INVESTMENTS, LLC,
        LIBERTY HOLDINGS NYC, LLC,
        ARETE PORTFOLIO MANAGEMENT, LLC

        *And*
        PETER ANDREWS *on behalf of*
        DREAMBUILDER HOLDINGS, LLC,
        DREAMBUILDER INVESTMENTS, LLC,
        LIBERTY HOLDINGS NYC, LLC,
        ARETE PORTFOLIO MANAGEMENT, LLC,

        By their attorney,

        */s/ Jeremy R. Bombard*
        Jeremy R. Bombard, #669802
        jbombard@bombardlaw.com
        BOMBARD LAW OFFICE, PC
        945 Concord Street
        Framingham, MA 01701
        508-620-5309
        Dated: March 27, 2020

LOCAL RULE 7.1(a)(2) CERTIFICATION
Under Local Rule 7.1(a)(2), undersigned counsel certifies that Petitioner's New York counsel conferred with Respondent's counsel and he does not consent to this motion.

            */s/ Jeremy R. Bombard*
            Jeremy R. Bombard

CERTIFICATE OF SERVICE
This document has been filed electronically and is available for viewing and downloading from the ECF system. This document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

            */s/ Jeremy R. Bombard*
            Jeremy R. Bombard